UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MORTGAGE ASSETS MANAGMENT, LLC, | )<br>)<br>) |
| Plaintiff | )<br>) |
| v. | )   1:23-cv-00041-LEW<br>) |
| JEAN S. NORTON, et al., | )<br>)<br>) |
| Defendants | ) |

**ORDER ON PLAINTIFF'S MOTION
FOR ALTERNATE SERVICE AND
TO EXTEND TIME**

This is a foreclosure action in which Plaintiff alleges that the promissory note secured by a mortgage on certain real property located in Jonesboro, Maine is in default. The matter is before the Court on Plaintiff's motion to serve Defendant Jean S. Norton by alternate means. (Motion for Service, ECF No. 37.) Specifically, Plaintiff asks the Court to authorize service by publication. Plaintiff also moves to extend the time for service. (Motion to Extend Time, ECF No. 38.)

Following a review of the record and after consideration of the motion, the Court denies without prejudice the motion for alternate means and grants the motion to extend time.

**DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 4(e), service may be accomplished by delivering a copy of the summons and the complaint to the individual personally, leaving

a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, delivering a copy to an agent authorized by appointment or by law to receive service of process, or by following state law for serving a summons in an action brought in courts of general jurisdiction where the district is located or where service is made. Fed. R. Civ. P. 4(e). In addition to the traditional method of personal service, Maine law provides for alternate means of serving a summons and complaint, "upon a showing that service cannot with due diligence be made by another prescribed method." Me. R. Civ. P. 4(g)(1).

Alternate means of service include leaving the summons, complaint, and the order authorizing service by alternate means at the individual's dwelling house or usual place of abode, by publication unless a statute provides another method of notice, or by electronic or any other means not prohibited by law. *Id.* A motion for service by alternate means must be supported by an affidavit demonstrating that:

> (A) The moving party has demonstrated due diligence in attempting to obtain personal service of process in a manner otherwise prescribed by Rule 4 or by applicable statute;
>
> (B) The identity and/or physical location of the person to be served cannot reasonably be ascertained, or is ascertainable but it appears the person is evading process; and
>
> (C) The requested method and manner of service is reasonably calculated to provide actual notice of the pendency of the action to the party to be served and is the most practical manner of effecting notice of the suit.

M. R. Civ. P. 4(g)(1).

In this case, Plaintiff describes its efforts to serve Defendant Norton as follows:

> Plaintiff attempted to make service on Ms. Norton during the periods when the matter was not under stay, via a Washington County Sheriff, which Sheriff advised that he understood that Ms. Norton was believed to be residing in a care facility but did not know its name or location. (Certification of Plaintiff's Counsel ¶¶ 5, ECF No. 37-1.)
>
> An attorney employee of [Defendant's law firm] had received a telephone call from Ms. Norton's adult daughter, but she declined to reveal Ms. Norton's whereabouts. (Certification of Plaintiff's Counsel ¶ 6.)

Plaintiff also asserts that counsel has been unable to find additional information regarding Defendant Norton's current residence but believes Defendant Norton resides in the general vicinity (same county) of the property that is the subject of this foreclosure action. (Certification of Plaintiff's Counsel ¶ 7.)

"Both the United States and Maine Constitutions require that, as a basic element of due process, any defendant against whom suit is commenced is entitled to notice reasonably calculated to give actual notice, and a reasonable opportunity to respond to the action." *Gaeth v. Deacon,* 2009 ME 9, ¶ 23, 964 A.2d 621, 627. Although the Maine Rules of Civil Procedure continue to authorize service by publication in some circumstances, this method of providing notice "developed at a time when newspapers were the only means of print mass communication, and when newspapers were more widely and intensely read than is now the case." *Id.*, 2009 ME 9, ¶ 25, 964 A.2d at 627. For this reason, the Maine Supreme Judicial Court has described service by publication as a "last resort":

> Because service by publication has become less likely to achieve actual notice of a lawsuit, it is also less likely to meet the requirements of due process. *See Grannis* [*v. Ordean*]*,* 234 U.S. [385] at 394, 34 S. Ct. 779 [(1914)]. Today, just as one hundred years ago, notice of a suit must be given in the manner "most reasonably calculated to apprise the defendant" of the

> pendency of a suit. *Lewien* [*v. Cohen*]*,* 432 A.2d [800] at 804–05 [(Me. 1981)]. Accordingly, because of the recent societal changes, service by publication in a newspaper is now a last resort that a party should attempt only when it has exhausted other means more likely to achieve notice. *See* 1 Field, McKusick & Wroth, *Maine Civil Practice* § 4.13 at 98–100 (2d ed.1970); *see also* M.R. Civ. P. 4(g)(1) (mandating that courts may order service by publication only upon motion showing that "*service cannot with due diligence be made* by another prescribed method" (emphasis added)). "When a party's identity and location are reasonably ascertainable, notice by publication is not reasonably calculated to provide actual notice of the pending proceeding." *Phillips* [*v. Johnson*]*,* 2003 ME 127, ¶ 27 n. 12, 834 A.2d at 946 (quotation marks omitted). Thus, "service by publication should occur only when notice cannot be accomplished by other means." *Id.* ¶ 27, 834 A.2d at 946.

*Gaeth*, 2009 ME 9, ¶ 26, 964 A.2d at 628 (footnote omitted).[1]

Upon review of the record, the Court is not persuaded that service by publication is appropriate at this stage of the proceedings. First, the Court lacks specific information regarding the Washington County Sheriff's efforts to locate and serve Defendant Norton. For instance, the record does not reflect how many sources the Sheriff consulted or the extent of the Sheriff's investigation to locate Defendant Norton. The Court, therefore, cannot determine whether Plaintiff has used due diligence to serve Defendant Norton personally. *See* M. R. Civ. P. 4(g)(1)(A). In addition, the Court cannot assess the extent of the difficulty in locating Defendant Norton. The record suggests that she resides in a care facility in Washington County. The record lacks evidence of the number of care

---

[1] As early as 1950, the United States Supreme Court questioned the adequacy of notice by publication. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) ("Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper's normal circulation, the odds that the information will never reach him are large indeed.").

facilities in Washington County, which information would inform the Court's assessment of whether further efforts to locate Defendant Norton would be reasonable and potentially productive. The Court, therefore, cannot conclude that Defendant Norton's location "cannot reasonably be ascertained." *See* M. R. Civ. P. 4(g)(1)(B). In sum, particularly given the recognized limitations regarding the effectiveness of service by publication, the Court cannot find that alternate service by publication is warranted on the current record.

The Court, however, concludes that an extension of time for Plaintiff to serve Defendant Norton is appropriate.

## CONCLUSION

Based on the foregoing analysis, the Court denies without prejudice Plaintiff's motion for alternate service. The Court grants Plaintiff's motion to extend the time to serve Plaintiff. The Court extends the time for Plaintiff to serve and file proof of service to April 30, 2025.

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 13th day of March, 2025.